# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ARLYN DAVID HOGARTH, | Case No. 2:21-cv-251-KJD-EJY |
| Petitioner, | |
| v. | **ORDER** |
| CALVIN JOHNSON, *et al.*, | |
| Respondents. | |

Petitioner Arlyn David Hogarth, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court directs service of the petition and instructs Respondents to respond.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Petitioner challenges a conviction and sentence imposed by the Third Judicial District Court for Lyon County ("state court"). *State of Nevada v. Arlyn David Hogarth*, Case No. 17CR00066.[2] On June 20, 2018, the state court entered a judgment of conviction for three counts of sexual assault, one count of open or gross lewdness, one count of lewdness with a child under fourteen years of age. The Nevada Supreme Court affirmed the conviction. Petitioner

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Nevada appellate courts. The docket records may be accessed by the public online at:
http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

represents that he did not file a petition for post-conviction relief or petition for habeas corpus in state court and that there are no petitions pending in any court regarding the conviction he is challenging.

On February 16, 2021, Petitioner initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.)  The Court instructed him to resolve the filing fee, and he timely complied.  (ECF Nos. 3, 4.)  His petition incorporates by reference claims for relief as alleged in his direct appeal brief.  Having conducted an initial review, the Court will direct service of the petition and a response.

**IT IS THEREFORE ORDERED:**

1. The Clerk of the Court is directed to file the petition (ECF No. 1-1).

2. The Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order.

3. Respondents will have **60 days** from the date the petition is electronically served to answer or otherwise respond to the petition.

4. If Respondents file an answer to the petition, Petitioner may file a reply within **30 days** from the date the answer is filed and served.  If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

5. Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss.  Procedural defenses omitted from such motion to dismiss may be subject to waiver.  Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If Respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct

their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, will be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

6. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

7. Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

8. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter.  The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10).  Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).  If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

DATED:  September 29, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE