# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ARLYN DAVID HOGARTH, | Case No. 2:21-cv-00251-KJD-EJY |
| Petitioner, | |
| v. | ORDER |
| WARDEN CALVIN JOHNSON,[1] *et al.*, | |
| Respondents. | |

Petitioner Arlyn David Hogarth, proceeding *pro se*, filed a federal habeas corpus petition under 28 U.S.C. § 2254 ("Petition") (ECF No. 5). Before the Court is Respondents' Motion to Dismiss the Petition ("Motion to Dismiss") (ECF No. 15) and Motion for Leave to File Exhibits Under Seal (ECF No. 29). Hogarth did not file an opposition to either motion. For the reasons discussed below, the Motion for Leave to File Exhibits Under Seal will be granted, and the Motion to Dismiss will be granted as to Grounds 1 and 2 and denied as to Grounds 4 and 10.

## BACKGROUND

In his Petition, Hogarth challenges his convictions, pursuant to a jury verdict, for sexual assault, open or gross lewdness, and lewdness with a child under the age of fourteen years of age, and a corresponding aggregate sentence of imprisonment for 45 years to life, imposed by the Third Judicial District Court for Lyon County, Nevada ("state district court"). (Ex. 69 and ECF No 26-6.) Hogarth directly appealed and the Nevada Supreme Court denied relief. (Ex. 97 and ECF No. 27-7.) Hogarth did not file a state postconviction petition. Hogarth initiated this federal habeas proceeding on February 16, 2021. (ECF No. 1.)

///

///

---

[1] According to the state corrections department's inmate locator page, Hogarth is incarcerated at Northern Nevada Correctional Center (NNCC). The department's website reflects Fernandies Frazier is the warden for that facility. https://doc.nv.gov/Facilities/NNCC_Facility/. I will therefore direct the Clerk of the Court to substitute Fernandies Frazier for Respondent Warden Calvin Johnson under Rule 25(d) of the Federal Rules of Civil Procedure.

# DISCUSSION

### A.  Motion for Leave to File Exhibits Under Seal

Respondents filed a motion seeking leave to file under seal four documents: Exhibit 32 (Reports Prepared by State Expert Witnesses dated September 18, 2017); Exhibit 40 (Order After Motions for Hearing dated October 3, 2017); Exhibit 63 (Presentence Investigative Report ("PSI") dated May 10, 2018); and Exhibit 65 (Corrected PSI dated May 10, 2018). (ECF Nos. 29 at 2; 30.) Respondents represent all four exhibits are filed under seal in the state district court and are not part of the public record. (*Id.*) Under Nevada law, the PSI is "confidential and must not be made a part of any public record." NRS § 176.156(5).

Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds there exists a compelling need to protect the safety, privacy, and/or personal identifying information of the Petitioner and the minor complaining witnesses that outweighs the public interest in open access to Exhibits 32, 40, 63 and 65. Accordingly, the Motion for Leave to File Exhibits Under Seal (ECF No. 29) will be granted, and Exhibits 32, 40, 63, and 65 (ECF No. 30) will be considered properly filed under seal.

### B.  Motion to Dismiss

Respondents move to dismiss Grounds 1, 2, 4 and 10 of the Petition on the basis that they fail to state cognizable claims for purposes of federal habeas corpus. (ECF No. 15 at 5–8.) Alternatively, Respondents move to dismiss Grounds 1 and 2 as duplicative of Grounds 7 and 8 and to dismiss Grounds 4 and 10 as unexhausted. (*Id.*)

#### 1.  Governing Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). When conducting habeas review, a federal court is limited to deciding whether a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (explaining that "[i]t is not the province of a federal habeas

court to reexamine state-court determinations on state-law questions."). Federal habeas relief is thus unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A habeas corpus petition must "allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

A petitioner must also exhaust state court remedies for a federal habeas corpus claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement ensures the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *E.g., Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his [or her] federal claims when he [or she] has fully and fairly presented them to the state courts." *E.g., Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999)). Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. *E.g., Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) (citing *Picard v. Connor*, 404 U.S. 270, 278 (1971)). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45.

The Ninth Circuit has held that "for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc) (holding petitioner gave state courts no fair opportunity to rule on federal constitutional claim, and alleged only state-law claims, in a counseled petition that cited two state cases that considered a right to counsel claim under the state and federal constitutions preceded by an explicit reference to the usual term referring to the state version of the constitutional right to "adequate" assistance of counsel under the State Constitution). Thus,

For a federal issue to be presented by the citation of a state decision dealing with

both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues. Where ... the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issues, the federal claim is not fairly presented.

*Casey v. Moore*, 386 F.3d 896, 912 n.13 (9th Cir. 2004); *accord Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014); *Baldwin v. Reese,* 541 U.S. 27, 32 (2004) (holding that ordinarily "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.").

### 2. Ground 1[2]

In Ground 1, Hogarth alleges the state district court abused its discretion by erroneously admitting prior bad act evidence. (ECF No. 5 at 16–18.) Respondents contend Ground 1 of the Petition must be dismissed because it does not allege a deprivation of a right under the federal constitution. (ECF No. 15 at 5.) The Court agrees. Because Ground 1 presents a purely state law claim, it is not cognizable in federal habeas and will be dismissed.

### 3. Ground 2

In Ground 2, Hogarth alleges his motion for mistrial should have been granted because the state district court failed to give a limiting instruction when it admitted prior bad act evidence. (ECF No. 7 at 18–19.) Respondents contend Ground 2 of the Petition must be dismissed because it does not allege a deprivation of a right under the federal constitution. (ECF No. 15 at 5.) The Court agrees. Hogarth cited only two state law cases to support his claim and neither applied federal law to a similar claim. As Ground 2 presents a purely state law claim, it will be dismissed.

### 4. Ground 4

In Ground 4, Hogarth alleges the state district court abused its discretion in failing to grant

---

[2] Hogarth's Petition alleges the same five grounds for relief alleged in his opening brief in his state court direct appeal and the same five grounds for relief he alleged in his supplemental opening brief in support of his state court direct appeal. (*Compare* ECF No. 5 at 10–11, 26 *with* Ex. 80 and ECF No. 26-7 at 4–5 *and* Ex. 93 and ECF No. 27-3 at 4–5.) Respondents designated the five allegations that Hogarth made in his initial opening brief on direct appeal as Grounds 1–5 of the Petition and the remaining five allegations that Hogarth made in his supplemental opening brief on direct appeal as Grounds 6–10. (ECF No. 15 at 4, n.3.) The Court will do the same for ease of reference.

4

the motion for new trial based on juror misconduct after it was discovered that a juror denied knowing Hogarth's wife despite an ongoing business relationship. (ECF No. 5 at 22–23.) Respondents contend Ground 4 must be dismissed because it does not allege a cognizable federal claim and is alternatively unexhausted. (ECF No. 15 at 5–8.) The Court disagrees.

Hogarth's counseled brief on direct appeal to the Nevada Supreme Court did not expressly allege a federal claim. (ECF No. 5 at 22–23.) However, the brief cited to *United States v. Edmond,* which concluded a juror's forgetfulness does not indicate a lack of impartiality. 43 F.3d 472, 473 (9th Cir. 1994). The Court in *Edmond* applied the juror misconduct test of *McDonough Power Equip., Inc. v. Greenwood*, which held a juror's failure to disclose material information in voir dire may constitute a denial of the right to an impartial jury. *Edmond*, 43 F.3d at 473 (citing *McDonough*, 464 U.S. 548 (1984)). In ruling on the claim, the Nevada Supreme Court relied on *Brioady v. State*, which applied *McDonough*'s test, and also distinguished the facts in *Brioady* from those in *Edmond*. (Ex. 97 and ECF No. 27-7 at 8–9) (citing, *inter alia*, *Brioady*, 133 Nev. 285, 287–90, 396 P.3d 822, 824 (2017). Hogarth's citation to *Edmond* was sufficient to state a cognizable federal claim and to give the state courts notice to apply federal law to the claim. Accordingly, the Court finds Ground 4 is cognizable and exhausted.

### 5.  Ground 10

In Ground 10, Hogarth alleges the state district court abused its discretion when it allowed the State's rebuttal expert to testify without providing a report from the expert or notice of the substance of the expert's testimony. (ECF No. 5 at 47–50.) Respondents contend Ground 10 must be dismissed because it does not allege a cognizable federal claim and is unexhausted. (ECF No. 15 at 5–8.)

In his counseled brief to the Nevada Supreme Court, Hogarth alleged a violation of "his right to a fair trial" because the state district court erroneously determined the State's rebuttal expert notice met the requirements of *Grey v. State*, which applied Fourteenth Amendment due process requirements for discovery in criminal cases to the Nevada criminal discovery statutes. *Grey*, 124 Nev. 110, 118–19, 178 P.3d 154, 160–61 (2008) (citing *Wardius v. Oregon*, 412 U.S. 470, 474–75 (1973)). The Nevada Supreme Court relied on *Grey* in rendering its decision. (Ex. 97

and ECF No. 27-7 at 7.) As such, Hogarth raised a cognizable federal due process claim and alerted the Nevada Supreme Court to the federal nature of the claim. Accordingly, the Court finds Ground 10 is cognizable and exhausted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 15) is GRANTED for Grounds 1 and 2.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 15) is DENIED for Grounds 4 and 10.

**IT IS FURTHER ORDERED** that Respondents' Motion for Leave to File Documents Under Seal (ECF No. 29) is GRANTED.

**IT IS FURTHER ORDERED** that Exhibits 32, 40, 63, and 65 (ECF No. 30) are considered properly filed under seal.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to substitute Fernandies Frazier for Respondent Warden Calvin Johnson.

DATED: October 11, 2022

KENT J. DAWSON
UNITED STATES DISTRICT