# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ARLYN DAVID HOGARTH, | Case No. 2:21-cv-251-KJD-EJY |
| Petitioner, | |
| v. | **ORDER** |
| CALVIN JOHNSON, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Arlyn David Hogarth's unopposed Motion to Stay Case (ECF No. 48). For the reasons discussed below, Petitioner's motion is granted.

I. Background

Hogarth challenges a judgment of conviction and sentence imposed by the Eighth Judicial District Court. On appeal, the Nevada Supreme Court affirmed the judgment of conviction. Hogarth did not file a state postconviction petition. He initiated this federal habeas petition and Respondents filed a motion to dismiss. ECF Nos. 1, 15. In its order granting Respondents' motion to dismiss, in part, the Court dismissed Grounds 1 and 2. ECF No. 32. The Court granted Hogarth's motion for appointment of counsel and motions to extend time to file an amended petition. ECF Nos. 33, 35, 45, 47.

Following appointment of counsel and upon investigation, Hogarth asserts that there is compelling evidence that he is factually innocent, which his trial counsel failed to present. ECF No. 48 at 2-3. Hogarth requests a stay to present such evidence to the state court and to litigate his claims of ineffective assistance of counsel. *Id*.

II. Discussion

A district court is authorized to stay an unexhausted petition "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544

U.S. 269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances'." *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276–77).

Hogarth asserts that he did not file a state postconviction petition because he was unaware that this avenue of relief was available to him. In addition, he suffers from health issues, including Parkinson's disease, deafness, and symptoms of cognitive decline associated with age. Given the potential significance of the evidence underlying Hogarth's unexhausted claims, the Court finds that counsel's failure to develop or pursue the legal and/or factual basis for the claims to be arguably ineffective. The Court further finds that the unexhausted grounds are not "plainly meritless," and that Hogarth has not engaged in intentionally dilatory litigation tactics. Because Hogarth has satisfied *Rhines* as to at least one claim, this habeas action will be stayed and held in abeyance until he has presented his claims to the Nevada courts.

//

//

//

III.    <u>Conclusion</u>

**IT IS THEREFORE ORDERED** that Petitioner's unopposed Motion to Stay Case (ECF No. 48) is GRANTED.

It is further ordered that this action is STAYED pending exhaustion of the unexhausted claims.

It is further ordered that the stay is conditioned upon Hogarth litigating his state petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada or Nevada Court of Appeals at the conclusion of the state court proceedings.[1]

It is further ordered that the Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action, until such time as this Court grants a motion to reopen the matter.

DATED: 04/09/2024

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).