**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ARLYN DAVID HOGARTH,

                              Petitioner,

        v.

CALVIN JOHNSON, *et al.*,

                              Respondents.

Case No. 2:21-cv-251-KJD-EJY

**ORDER**

Petitioner Arlyn David Hogarth commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). The Court appointed counsel and entered a scheduling order. ECF No. 37. In April 2024, the Court granted Petitioner's motion to stay case pending exhaustion of unexhausted claims in state district court. ECF No. 50. Respondents have now moved to vacate the stay and reopen the proceedings to allow Respondents to file a suggestion of death on the record indicating that Petitioner died on March 3, 2026. ECF No. 53.

The Court may entertain a state prisoner's Petition for Writ of Habeas Corpus only on the ground that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner's death renders the habeas petition moot. *See Dove v. United States*, 423 U.S. 325 (1976) (per curiam) (dismissing petition for a writ of certiorari from appellate decision in criminal proceedings upon petitioner's death); *Farmer v. McDaniel*, 692 F.3d 1052 (9th Cir. 2012) (upon notice of petitioner's death, appeal dismissed as moot and case remanded to district court to dismiss habeas petition as moot); *Garceau v. Woodford*, 399 F.3d 1101 (9th Cir. 2005) ("Because petitioner's death renders this case moot, the petition for a writ of habeas corpus should be dismissed as moot."); *Griffey v. Lindsey*, 349 F.3d 1157 (9th Cir. 2003) (same).

Petitioner's death constitutes an end to his detention; thus, this action no longer presents a live case or controversy. Accordingly, the Petition challenging his state conviction is now moot.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Vacate Stay and Reopen Habeas Corpus Proceedings (ECF No. 52) is granted.

It is further ordered that Petitioner Arlyn David Hogarth's Petition for Writ of Habeas Corpus (ECF No. 5) is dismissed without prejudice as moot, on account of Petitioner's death.

It is further ordered that the Clerk of the Court is directed to close this case and enter judgment accordingly.

DATED: April 15, 2026

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE